IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 28 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| JEREMY D. JOSEPH, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-847-A |
| | § | |
| ERIC D. WILSON, WARDEN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the application of Jeremy D. Joseph for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The court, having considered the application, the response of respondent, Warden Eric Wilson, the record, and applicable authorities, finds that the application must be dismissed.

I.

### Ground of the Motion

Applicant alleges that he is eligible for 12 months' credit on his sentence because he has completed the Residential Drug Abuse Program ("RDAP"), but because of the date he completed the program, he could only receive 10 months' credit. Applicant

---

[1] The document filed by applicant reflects that it is a "petition" and that he is "petitioner." However, the statute itself, 28 U.S.C. §2241, refers to "application" as being the proper nomenclature.

complains that he was only awarded 8 months' credit. Doc.[2] 1 at 5. He admits that he has not exhausted his administrative remedies. Id. at 2.

II.

Background

Applicant was sentenced by the United States District Court for the Middle District of Louisiana to a term of imprisonment of 41 months to be followed by a three-year term of supervised release. Doc. 12 at 7. On December 4, 2017, he entered the RDAP at FMC Fort Worth. Id. at 11. On January 24, 2018, respondent notified staff at the Designation and Sentence Computation Center ("DSCC") that applicant had begun the RDAP and was expected to complete the unit-based portion on September 24, 2018. Id. Respondent requested that applicant's projected release date be updated to reflect a release date under 18 U.S.C. § 3621(e). Id. The DSCC assigned applicant an anticipated release date of March 23, 2019, and respondent requested placement of applicant in a residential reentry center ("RRC") near Lakeland, Louisiana, near his family. Id. at 13-14. Placement was requested to begin

---

[2]The "Doc. __" reference is to the number of the item on the docket in this action.

2

October 1, 2018. Id. On November 20, 2018, applicant was transferred to an RRC in Louisiana.³ Id. at 3, ¶ 9.

III.

Analysis

Federal prisoners must exhaust administrative remedies before seeking habeas relief pursuant to § 2241. Mayberry v. Pettiford, 74 F. App'x 299 (5th Cir. 2003); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). To properly exhaust, the applicant must complete the administrative process in accordance with the applicable rules. Jones v. Bock, 549 U.S. 199, 218 (2007). Here, applicant admits that he did not exhaust his remedies. Accordingly, the action must be dismissed.

The court notes, in any event, that there is no constitutional right to participate in rehabilitative programs, such as the RDAP. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Nor is there a constitutional right to early release prior to expiration of a valid sentence. Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Early release following successful completion of RDAP is wholly discretionary. Lopez v. Davis, 531 U.S. 230, 240 (2001).

---

³Applicant's transfer does not affect the court's jurisdiction. Smith v. Fleming, No. 4:02-CV-440-Y, 2002 WL 31114021, at *2 (N.D. Tex. Sept. 20, 2002).

3

IV.

Order

The court ORDERS that the application be, and is hereby, dismissed for want of exhaustion.

SIGNED December 28, 2018.

JOHN McBRYDE
United States District Judge

4